# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0501** (Jefferson County CC-19-2019-F-27)

**Mark W. Carter Jr.,**
**Defendant Below, Petitioner**

**FILED**
**May 26, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mark W. Carter Jr., by counsel Sherman L. Lambert Sr., appeals the Circuit Court of Jefferson County's May 24, 2019, sentencing order following his convictions for felony murder, conspiracy, and leaving the scene of an accident involving death. Respondent State of West Virginia, by counsel Holly M. Flanigan, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and Shannon Mills stole drugs from Christina Crawford at Ms. Crawford's home on August 15, 2018. Petitioner got into the driver's seat of Benjamin DeVoe's truck, Ms. Mills entered the passenger side, and Mr. DeVoe was in the truck's bed. Seeking to prevent their getaway, Ms. Crawford latched onto the front passenger door before Ms. Mills could shut it. Petitioner sped away and took a sharp turn, throwing Ms. Crawford from the truck and causing her to strike her head on the pavement. Petitioner continued his escape without stopping to check on or render aid to Ms. Crawford. Fifteen days later, Ms. Crawford died from a brain injury sustained as a result of this incident.

Petitioner was indicted on January 16, 2019, on one count each of first-degree murder, first-degree robbery, felony conspiracy, and leaving the scene of an accident involving death. His trial began on March 19, 2019, which was bifurcated into guilt and mercy phases. Before the jury's deliberations on guilt, the circuit court instructed the jury that it was to "draw no inference as to his guilt or innocence [from petitioner's decision to exercise his right not to testify]. You should entirely disregard and not discuss it." The jury found petitioner guilty of first-degree murder (felony murder), felony conspiracy, and leaving the scene of an accident involving death.

1

Following its findings on guilt, the jury considered the issue of mercy. The jury was instructed on mercy, and the court's instructions given following the guilt phase were again provided to the jury. During the jury's deliberations, it submitted a note to the circuit court. The court, stating that the note presented "a most interesting dilemma," reported, "Because the defendant did not testify at the mercy phase and now the jury would like to know why he deserves mercy." Counsel and the court considered the issue, and petitioner's counsel consulted with petitioner. Petitioner elected not to testify, and the court determined that he "knowingly and intelligently has waived his right to make any additional allocution." The jury continued its deliberations and ultimately recommended that petitioner be sentenced to life in prison, with mercy.

Petitioner thereafter filed a "Motion for Judgment of Acquittal and/or New Trial," arguing that the jury's note evidenced that it "made an adverse inference from the defendant exercising the Fifth Amendment during trial." Petitioner also claimed that the State used perjured testimony from Mr. DeVoe and Caylin Valentine, who was with Ms. Crawford when her drugs were taken and followed the vehicle driven by petitioner, therefore witnessing the incident that caused her death. With regard to this alleged error, petitioner argued simply, "The knowing use of perjured testimony violates due process, impeaches the verdict, and undermines the integrity of the judicial system. [The witness's] testimony poisoned the well and denied the defendant a fair trial."[1] The court denied petitioner's motion on April 5, 2019.

On May 24, 2019, the court entered its sentencing order memorializing petitioner's sentence of life imprisonment, with mercy, for his murder conviction; not less than one nor more than five years for his conspiracy conviction; and not less than two nor more than five years for his leaving the scene of an accident involving death conviction.[2] This appeal, challenging the court's denial of his motion for judgment of acquittal and/or a new trial, followed.

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W. Va. 640, 535 S.E.2d 484 (2000).

Petitioner raises four assignments of error on appeal. In his first three, he separately assigns as error the State's alleged presentation of false testimony from Mr. DeVoe, Mr. Valentine, and Jennifer Jenkins. Ms. Jenkins lived with Ms. Crawford and was present for the events culminating in Ms. Crawford's death.

---

[1] Petitioner raised two other grounds in his motion, but he does not challenge the circuit court's denial of them on appeal.

[2] The sentence imposed for the leaving the scene of an accident conviction was enhanced under West Virginia Code § 61-11-18(a).

Petitioner has failed to preserve these alleged errors for appeal for numerous reasons. First, petitioner did not challenge Ms. Jenkins's testimony in his motion for a new trial before the circuit court. "Our general rule is that nonjurisdictional questions not raised at the circuit court level, but raised for the first time on appeal, will not be considered." *Barney v. Auvil*, 195 W. Va. 733, 741, 466 S.E.2d 801, 809 (1995). And, his challenges below to Mr. DeVoe's and Mr. Valentine's testimony amounted to nothing more than a conclusory statement that perjured testimony was admitted. "To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 216, 470 S.E.2d 162, 170 (1996). Lastly, before this Court, petitioner has failed to fashion "an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on," as required by Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. Rather, petitioner merely quotes trial testimony from Mr. DeVoe, Mr. Valentine, and Ms. Jenkins given at petitioner's trial and testimony from those witnesses given at Ms. Mills's trial.[3] Petitioner offers no explanation as to how the testimony given at petitioner's trial was false or even how it was materially different from that given at Ms. Mills's trial, let alone structure an argument demonstrating that the prosecutor knew or should have known that the testimony was false or that the purportedly false testimony had a material effect on the jury verdict. *See* Syl. Pt. 2, *State ex rel. Franklin v. McBride*, 226 W. Va. 375, 701 S.E.2d 97 (2009) (specifying what a defendant must show to obtain a new trial on a claim that the prosecutor presented false testimony at trial). Because petitioner's assignments of error regarding Mr. DeVoe's, Mr. Valentine's, and Ms. Jenkins's testimony are inadequately briefed due to his failure to structure arguments applying the law, we decline to address them. *See State v. Sites*, 241 W. Va. 430, 442, 825 S.E.2d 758, 770 (2019) (declining to address an assignment of error that failed to structure an argument applying applicable law).

In petitioner's final assignment of error, he argues that the jury's solicitation of an expression of remorse from him violated his right against self-incrimination under the Fifth Amendment to the United States Constitution and Article III, Section 5 of the West Virginia Constitution.

As with petitioner's other assignments of error, he merely makes conclusory allegations of juror misconduct and substantial prejudice without actually structuring an argument applying the applicable law. He identifies no law to support his claim that a question from the jury constitutes misconduct or a violation of his constitutional rights, and he points to no evidence or basis to believe that the jury disregarded the circuit court's instructions regarding petitioner's decision not to testify.[4] Due to these deficiencies in petitioner's brief, we likewise decline to address this assignment of error.

For the foregoing reasons, we affirm.

---

[3] We note, additionally, that Ms. Mills was tried several months after petitioner, and her trial transcript was not made a part of the record below. *See* W. Va. R. App. P. 6(a) ("The record consists of the papers and exhibits filed in the proceedings in the lower tribunal, the official transcript or recording of proceedings, if any, and the docket entries of the lower tribunal.").

[4] Notably, the jury recommended mercy in any event.

3

Affirmed.

**ISSUED:** May 26, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice Margaret L. Workman